JAMES A. CRANE et al., Plaintiffs in Error, *v.* JOHN G. CALD-
WELL, Defendant in Error.

### ERROR TO TAZEWELL.

Where two persons jointly purchased a tract of land, and after the death of one
the other pays up the whole of the consideration, and the vendor conveys the
premises to him and the heirs of the deceased, as tenants in common :—

*Held,* that there was no lien on the moiety held by the heirs to secure him in the
repayment of the half of the purchase-money; that his remedy was at law,
and not in equity, and against the estate of the deceased, and not the land;
that he stood in no better condition than the other creditors of the deceased.

THIS was a suit in chancery, and bill filed, at the September
term, 1847, of the Tazewell Circuit Court, TREAT, Judge.   A
decree was entered at said term, ordering the premises to be sold
at public vendue, for cash, and after paying the costs, &c.,
then to pay the complainant, the defendant in error, the con-
sideration money advanced by him, and interest thereon, and
the residue, one half to be paid said complainant, and the other
half to be paid the administrator of Lewis F. Crane, deceased,
who, with the heirs at law of said Lewis, were the defendants
in said suit.   James A. Crane, and the other heirs at law of the
said Lewis F. Crane, deceased, prosecute this writ of error.
The defendant in error made default in the Supreme Court.

PURPLE and SANGER, for plaintiff in error.

TREAT, C. J.   In the opinion of the court, the bill shows no
equity on its face.   It simply alleges, that complainant and
Crane purchased a tract of land jointly; and that complain-
ant, after the death of Crane, paid the whole of the consider-
ation, and the vendor conveyed the premises to him and the
heirs of Crane, as tenants in common.   Such a state of case
does not give the complainant any lien on the moiety held by
the heirs, to secure him in the repayment of one half of the pur-
chase-money.   He advanced this portion of the consideration
for the estate of Crane, and trusted to the estate, and not to the
land, for payment.   The transaction amounted to the payment
of so much money for the use of the estate, which the complain-
ant can recover in the appropriate action.   His remedy is at law,
and not in equity.   The heirs do not hold the legal estate in
trust for the complainant; nor has he any right in equity to
reimburse himself out of the land.   It is not the case of a result-

Himes *v.* Keighblingher.

ing trust, for the purchase was not made in the name of Crane for the use of the complainant ; nor was the conveyance made to the heirs for his benefit. Crane was, in equity, entitled to a moiety of a land ; and the complainant advanced the purchase-money to enable the heirs to acquire the legal title. He made the payment for the benefit of the estate, and not on his own own account. And he must, like the other creditors of Crane, look to the estate for payment. It may be, that the heirs hold the land subject to the payment of the debts against the estate. But the complainant is in no better condition than the other creditors. The debts against the estate are to be paid *pro rata.*

The decree is reversed, and the bill dismissed.

*Decree reversed.*